CASE, ET AL. VS INGLE.

Opinion delivered April 5, 1901.

*1. Mortgages—Foreclosure—Equitable Defense.*

> In an action by plaintiff upon a note and to foreclose a mortgage securing same, having obtained said note and mortgage by assignment from the original payee and mortgagee, one of the defendants, the assignor and endorser of the note and mortgage answered that the note and mortgage were obtained from him, without consideration by the fraudulent representations of plaintiff concerning the pretended consideration given therefor, and that plaintiff was wholly insolvent. *Held,* that this constituted an equitable defense to the action, and a demurrer to this answer should not have been sustained.
>
> And where the other defendants adopted as their defense and answer, the answer of their co-defendant setting up an equitable defense, it was also error to sustain a demurrer to the answer of these defendants.

Appeal from the United States court for the Southern district.

C. B. KILGORE, Judge.

Action by Ed. P. Ingle against S. S. Case and another. Judgment in favor of plaintiff. Defendants appeal. Reversed.
appeal. Reversed.

This was a suit begun in the Southern district of the Indian Territory, at Purcell, at the instance of Ed. P. Ingle, as plaintiff, against S. S. Case, W. H. Walker, and R. Y. Mangum, as defendants, and was a suit in equity upon a promissory note bearing date of September 6, 1894, executed

and delivered by S. S. Case and W. H. Walker to R. Y. Mangum, for the sum of $500, due on September 1, 1896, with interest at 10 per cent. per annum, which note was afterwards, on the 22d day of September, 1894, transferred by said R. Y. Mangum by indorsement to the plaintiff. On the 6th day of September, 1894, the defendants S. S. Case and W. H. Walker made, executed, and delivered to said R. Y. Mangum their certain chattel mortgage in writing to secure the payment of said promissory note, on certain chattel property mentioned therein, and suit was brought by plaintiff to recover judgment against the makers of said note, and against R. Y. Mangum as indorser thereon, and to foreclose the chattel mortgage above mentioned. On October 14, 1896, defendants S, S. Case and W. H. Walker filed their demurrer to plaintiff's petition, on the ground that the same did not state facts sufficient to constitute a cause of action, or to entitle the plaintiff to the relief sought, and because the plaintiff had a plain, adequate, speedy, and complete remedy at law, and on the same day Case and Walker filed their separate answer to said petition. On the 23d day of October, 1896, R. Y. Mangum, defendant, filed his separate answer in said case, in which he admitted the assignment of the note, but claimed failure of consideration therefor, and pleaded fraudulent representations and statements made by the plaintiff in order to obtain said note, and further undertook to plead a counterclaim for damages, and asked for judgment upon his counterclaim. On the 20th of November, 1896, the plaintiff filed his amended complaint in equity, setting up, in substance, therein about the same matters as were in his original complaint, with the exception of changing certain dates, and attaching certain exhibits referred to in the original of said amended complaint. On November 26, 1896, defendant Mangum filed his motion in said cause to strike plaintiff's amended complaint from the files for the reason that on October 23, 1896,

said defendant filed his answer in the above-entitled cause, in which he pleaded a counterclaim, and that plaintiff filed no reply thereto, and on said 26th day of November, 1896, plaintiff filed his demurrer to the separate answer of R. Y. Mangum on the ground that the answer did not state facts sufficient to constitute a defense to the action, and that the sixth count in his answer did not state facts sufficient to constitute a counterclaim or set-off in his favor, and on said November 26, 1896, the plaintiff filed his demurrer to the separate answer of S. S. Case and W. H. Walker on the ground that the answer did not state facts sufficient to constitute a defense, and that the facts stated in the second count and the facts stated in the third court and the facts stated in the fourth count of said defendants' answer were not sufficient to constitute a defense to the action, and on November 27, 1896; the plaintiff also filed his reply to the separate answer of R. Y. Mangum, which consists largely in denials of the allegations of said separate answer. On March 23, 1897, one of these demurrers appears to have been submitted, this demurrer related to the separate answer of S. S. Case and W. H. Walker, because on the following day, March 24, 1897, said Case and Walker filed an am. ended answer, and on said March 24, 1897, the plaintiff filed a motion to strike from the files the separate answer of Case and Walker because the answer was not verified, and on March 24, 1897, the plaintiff also filed his demurrer to the separate answer of Case and Walker because said answer did not state facts sufficient to constitute a defense in favor of defendants; and on March 29, 1897, the demurrer of the plaintiff to the separate answer of defendants Case and Walker, and also the plaintiff's demurrer to the separate answer of R. Y. Mangum, were submitted to the court, and the court sustained said several demurrers, and said defendants, and each of them, declining to amend or plead any further, the court made and entered judgment that

(35)

plaintiff should recover of and from defendants Case and Walker, as makers of said note, $529, with interest to date and also further decreed foreclosure of the chattel mortgage, and that the plaintiff was the owner of the same, and directed the issuance of a writ directing the marshal to seize and sell said property, and to apply the proceeds thereof in payment of the above-mentioned judgment, interest, and costs, and to pay any excess arising from said sale to said defendants Case and Walker. Exceptions were taken to the action of the court in sustaining the demurrers to the amended answer of Case and Walker, and also to the separate answer of R. Y. Mangum. On December 20, 1899, the Honorable Melville W. Fuller, chief justice of the supreme court of the United States of America, on the allowance of the Honorable William H. H. Clayton, United States associate justice of the court of appeals for the Indian Territory, directed that said cause be certified to the United States court of appeals for the Indian Territory, for review and correction of any error therein, and on June 12, 1899, in said court of appeals, said appeal was ordered dismissed, for the reason that the cause had not been finally disposed of as to all parties. Case vs Ingle, 2 Ind. Ter. Rep. 209 (51 S. W. 958). On November 22, 1899, the plaintiff filed his motion in the United States court for the Southern district of the Indian Territory for judgment nunc pro tunc in said cause, which motion was submitted to said court on November 22, 1899, and sustained by said court, and on said date, in said court and cause, judgment was entered nunc pro tunc against the defendant R. Y. Mangum for the sum of $500, with interest from the 1st of September, 1896, at 10 per cent. per annum, and further decreed a judgment and decree foreclosing the chattel mortgage in plaintiff's complaint mentioned, and directing and ordering the marshal of the court to seize and sell the property therein described, as sales are made under execution, and to pay the above judgment, interest, and costs, and to pay the defendants Case and Walker any ex-

cess. From this judgment the defendants, R. Y. Mangum, Case, and Walker appealed, and the case now stands in this court upon their appeal.

*J. W. Hocker*, for appellants.

*W. M. Newell* and *J. W. Cherryholmes*, for appellee.

GILL, J.   An examination of the record in this case shows some irregularities with reference to the hearing and disposing of motions and demurrers, and action upon papers filed after time fixed by the statute for filing such papers, without first obtaining leave of court therefor; but inasmuch as the parties interested did not, at the time of the filing of such papers, make specific objection thereto, nor thereafter attack such filing by sufficient motion, it will be presumed that such papers were filed by leave of the court, particularly as the parties interested, the defendants, filed their answers thereto.   The amended complaint of the plaintiff is attacked in no way except by motion to strike the same from the files, and then only for the reason that the same was filed after the defendant R. Y. Mangum had filed his answer in the case in which he says he pleaded a counterclaim, and because the plaintiff had filed no reply to said counterclaim, and not because the same was filed out of time without leave of court, and prayed for judgment on the pleadings.   The separate answer of S. S. Case and W. H. Walker denies every allegation in said complaint not admitted in their answer.   They admit the residence and citizenship of the parties and the execution of the note and mortgage as set forth as exhibits in plaintiff's complaint; and, second, "defendants specially deny that plaintiff is the bona fide holder of said note for a valuable consideration, and that he became possessed of said note in the usual course of business, and allege, and so charge, that plaintiff obtained possession of said note through fraud and misrepresentation, and without any consideration whatsoever;"

and, third, "specially deny that the same has been assigned or transferred to plaintiff, and deny that he has any interest in the same, but that the same is, in truth and in fact, the property of R. Y. Mangum, the original payee in said note, and that defendants, from time to time, in good faith believing that said R. Y. Mangum was the rightful owner and holder of said note and mortgage, have fully paid off and discharged said note, without notice or knowledge of plaintiff's interest, if any he has, in and to said note, to the said R. Y. Mangum, and that after full payment of said note said mortgage has been and is fully released and satisfied of record, and the original delivered up to these defendants." They plead, fourth, "that said R. Y. Mangum is insolvent, and that said plaintiff, as is shown by the answer of said R. Y. Mangum filed herein which these defendants allege to be true and adopt the same, is indebted to R. Y. Mangum in a sum exceeding the amount of the note sued upon, and that Ed. P. Ingle is a nonresident, and has no property in the jurisdiction of the court." The separate answer of R. Y. Mangum, omitting caption, is in words and figures as follows, to wit: "Now comes the defendant R. Y. Mangum, and for answer to plaintiff's petition filed herein alleges: First. That on the 22d day of September, 1894, the plaintiff. Ed. P. Ingle, was possessed of a certain printing office, presses, furniture, and fixtures situated in the town of Norman, Oklahoma territory, and known as the 'Norman Transcript,' the business of said office being publishing the weekly newspaper known as the 'Norman Transcript,' and of a monthly journal known as the 'Oklahoma School Herald,' of job printing, and a general printing business. Second. Said plaintiff being desirous of selling said property and business, and the good will of the same, falsely and fraudulently represented to defendant that the said printing office was doing a lucrative and paying business; that said printing office had done a cash business for the six months immediately preceding the month of September, A. D. 1894,

amounting in the aggregate to the sum of $1,349.20, and that the cash receipts of the office for said months exceeded the expenses of the office an amount exceeding one hundred dollars per month; that said office had always paid plaintiff as much or more than one hundred dollars per month above the actual and necessary expenses of said office; that if defendant would purchase said business, and retain the then manager, O. W. Meacham, that said office would net a profit to defendant, above all expenses, a sum to exceed one hundred dollars per month, under the management of said O. W. Meacham. Third. Defendant, confiding in the representations of the plaintiff, purchased said printing office, business, and good will thereof for the sum of $3,000, then and there paying in cash the sum of $200, and delivered to plaintiff the $500 note signed by Case and Walker, payable to defendant, and which is the subject of plaintiff's cause of action as set forth in his petition herein, and executed and delivered to plaintiff his 23 promissory notes for $100 each, payable thirty days apart, commencing November 10, 1894. Fourth. That the business of said printing office was not, before nor at the time of making said false and fraudulent statements and representations, a paying and lucrative business, and at no time did the income of said office amount to as much as $150 per month, and the said business never paid a net profit during the six months aforesaid, or before, of as much as $100 per month, as plaintiff at the time well knew; that said business had been running at a dead loss for several months prior to the time defendant purchased, which was well known to the plaintiff at the time. Fifth. That although defendant, relying upon the representations of plaintiff, retained the said O. W. Meacham in control and management of said business, running the same for four months after said purchase, during all of said time said business failed to pay the running expenses of said office, and resulted in a dead loss to defendant. Sixth. That, to secure the deferred payments afore-

said defendant made and delivered to plaintiff a mortgage on said printing office and business, by the terms of which, if default were made in the payment of any of the installment notes of $100, as aforesaid, plaintiff should be entitled to assume possession of said business and office, and, after refusal of defendant to pay the second and third installment notes, plaintiff took possession of said printing office and business, and now holds the same together with supplies furnished said office, put in by defendant, amounting to the sum of $55. Seventh. That, by reason of the aforesaid false and fraudulent representations of plaintiff, defendant paid plaintiff the sum of $200 in money, as aforesaid, and delivered plaintiff the $500 Case and Walker note, aforesaid and paid the first installment note, amounting to the sum of $100, and furnished said office with necessary supplies, which were taken possession of by plaintiff, in the sum of $55, and expended four months of his time and labor attempting and trying to make said office pay, as defendant reasonably expected it to do, reasonably worth the sum of $75 per month, or a total of $300, and in all defendant has been damaged in the full sum of $655, besides the amount of the Case and Walker note aforesaid. Eighth. The plaintiff still holds possession of two of said installment notes for $100 each, and refuses to deliver the same to defendant. Wherefore, as plaintiff obtained the possession of said $500 note, the subject of this cause of action, through fraud and deceit, defendant prays the judgment of the court that the two notes, of $100 each, be also delivered up to defendant, and canceled, and that defendant have further judgment of the court over and against the plaintiff in the sum of $655, his damage as aforesaid, costs of suit, and such general and special relief as in equity and good conscience the court may deem fit and proper." To this separate answer of Mangum's, and also to the separate answer of Case and Walker, the plaintiff filed his demurrer that the same did not state facts sufficient to constitute a defense, and at the same time

the plaintiff filed his reply to the separate answer of Mangum.

The answer of Mangum and the reply of the plaintiff raise an issue as to the fraudulent representations and deceit, and as to the failure in consideration in the transfer by Mangum of the Case and Walker note to Ingle. We think that the separate answer of Mangum stated an equitable defense against the claim of Ingle on said promissory note. If Ingle had obtained this note through fraud and deceit from Mangum, as well as other valuable considerations, and held other notes of Mangum's which Mangum was endeavoring to have canceled, we think that the matters of the transfer of the note, and the means through which the note was obtained by Ingle, were so closely connected as to be one and the same transaction, and that Mangum would have the right to plead, not by way of counterclaim or set-off, these facts, but as matters of defense; and, if the testimony should establish his claims, that he would be entitled in this suit in equity to have the sale to him by Ingle set aside, and his notes canceled, and the Case and Walker note returned to him, and the demurrer to his separate answer should have been overruled; and, inasmuch as Case and Walker make Mangum's answer a part of their separate answer, Mangum should be relegated to his original position in reference to said note. The demurrer to the answer of Case and Walker should, in like manner, have been overruled, and the parties permitted to test the facts by trial. It is not necessary to pass upon the other questions involved in this case, as, for the reasons foregoing, the case is reversed and remanded, with directions to the lower court to overrule the demurrers to the separate answers of the parties, and proceed with the case according to law.

CLAYTON, C. J., and THOMAS and TOWNSEND, JJ., concur.